**MAYNARD COOPER & GALE LLP**
Judy M. Lam (173862)
*Email: jlam@maynardcooper.com*
1901 Avenue of the Stars, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 596-4500
Facsimile: (310) 596-4360

Attorneys for Defendant
METLIFE AUTO & HOME INSURANCE AGENCY, INC.;
METLIFE GROUP, INC.; and
BRIGHTHOUSE LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## NOTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| MARIE A. ARNOLD, <br><br> Plaintiff, <br><br> v. <br><br> METLIFE AUTO & HOME INSURANCE AGENCY, INC.; METLIFE GROUP, INC.; AND BRIGHTHOUSE LIFE INSURANCE COMPANY, <br><br> Defendants. | Case No. 5:19-cv-03920-VKD <br><br> Assigned to Magistrate Judge Virginia DeMarchi <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANT METLIFE GROUP, INC.; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> **Date:** November 19, 2019 <br> **Time:** 10:00 a.m. <br> **Ctrm.:** 2 <br><br> Complaint Filed: July 8, 2019 |

MAYNARD COOPER & GALE LLP
1901 AVENUE OF THE STARS, SUITE 1900
LOS ANGELES, CA 90067
310-596-4500

**TO THE COURT, PLAINTIFF AND ITS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant MetLife Group, Inc. ("MLG"), at the date, time, and location noted above, will and hereby does move to dismiss Plaintiff Marie A. Arnold's Amended Complaint and each purported cause of action therein pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dismissal is appropriate because Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted against MLG. Moreover, Plaintiff's purported claims are time barred and the discovery rule does not save Plaintiff's claims.

The Motion to Dismiss is based on this Notice of Motion, the Memorandum of Points and Authorities, the pleadings and papers filed herein, and upon such other and further matters as may be presented at the hearing.

DATED: October 4, 2019    MAYNARD COOPER & GALE LLP

By: */s/ Judy M. Lam*
    Judy M. Lam
Attorneys for Defendant
MetLife Auto & Home Insurance Agency, Inc.;
MetLife Group, Inc.; and Brighthouse Life
Insurance Company

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1
I.    INTRODUCTION ...............................................................................................................1
II.    LEGAL STANDARD OF REVIEW ..................................................................................1
    A.    Fed. R. Civ. P. 12(b)(6)............................................................................................1
III.    LEGAL ARGUMENT ........................................................................................................2
    A.    All Claims Against MLG Should be Dismissed Because the Amended Complaint Asserts No Facts About MLG................................................................2
    B.    Plaintiff's Purported Concealment and Misrepresentation Claims (Counts I and II) Fail to Satisfy Rule 9(b). ........................................................................3
    C.    Plaintiff' Breach of Fiduciary Duty Claim Fails as a Matter of Law Because Plaintiff Does Not (and Cannot) Allege Facts Demonstrating the Existence of a Fiduciary Relationship Between Plaintiff and MLG.....................7
    D.    Plaintiff's Invasion of Privacy Claim Under the Fourth Amendment Fails as a Matter of Law Because MLG Is Not a Government Entity or Agent............8
    E.    All of Plaintiff's Purported Claims Are Time-Barred. .........................................9
IV.    CONCLUSION.................................................................................................................12

MAYNARD COOPER & GALE LLP
1901 AVENUE OF THE STARS, SUITE 1900
LOS ANGELES, CA 90067
310-596-4500

# **TABLE OF AUTHORITIES**

**Cases**

*Abbit v. ING USA Annuity and Life Insurance Company*
    252 F.Supp.3d 999, 1019–20 (S.D. Cal. 2017)................................................................9

*Adams v. Johnson*
    355 F.3d 1179, 1183 (9th Cir. 2004) ...............................................................................2

*Aryeh v. Canon Bus. Solutions, Inc.*
    55 Cal.4th 1185, 1191 (2013) ........................................................................................11

*Ashcroft v. Iqbal*
    556 U.S. 662, 678 (2009).................................................................................................2

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544, 570 (2007).................................................................................................2

*Burdeau v. McDowell*
    256 U.S. 465, 475 (1921)...............................................................................................10

*City of Vista v. Robert Thomas Securities, Inc.*
    84 Cal. App. 4th 882, 889 (2000) ..................................................................................11

*Conservation Force v. Salazar*
    646 F.3d 1240, 1242 (9th Cir. 2011) ...............................................................................2

*Corcoran v. CVS Health Corp.*
    169 F. Supp. 3d 970, 981 (N.D. Cal. 2016) .....................................................................1

Czajkowski v. Haskell & White, LLP
    208 Cal.App.4th 166 (2012) ..........................................................................................13

*Das v. WMC Mortg. Corp.*
    831 F.Supp. 2d 1147, 1166 (N.D. Cal. 2011) .........................................................5, 6, 8

*Davidson v. Kimberly-Clark Corp.*
    889 F.3d 956, 964 (9th Cir. 2018) ...............................................................................6, 8

*Depot, Inc. v. Caring for Montanans, Inc.*
    915 F.3d 643, 653 (9th Cir. 2019) ...................................................................................2

*Fox v. Ethicon Endo-Surgery, Inc.*
    35 Cal. 4th 797, 807 (2005. ) ........................................................................................13

*Fox v. Pollack*
    226 Cal. Rptr. 532 (Cal. Ct. App. 1986).........................................................................5

*Fuller v. First Franklin Financial Corp.*
    216 Cal. App. 4th 955, 963 (2013) ................................................................................11

*Hydro-Mill Co. v. Hayward, Tilton & Rolapp Ins. Assocs., Inc.*
    115 Cal. App. 4th 1145, 1155 (2004) ...................................................................................11

*In re Gilead Scis. Sec. Litig.*
    536 F.3d 1049, 1055 (9th Cir. 2008) ...................................................................................2

*In re NVIDIA Corp. Sec. Litig.*
    768 F.3d 1046, 1051 (9th Cir. 2014) ...................................................................................2

*In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*
    754 F.Supp.2d 1145, 1189 (C.D. Cal. 2010) ......................................................................4

*Neel v. Magana, Olney, Levy, Cathcart & Gelfand*
    6 Cal.3d 176, 187 (1971) ...................................................................................................11

*Otay Land Co., LLC v. U.E. Ltd., L.P.*
    15 Cal. App. 5th 806, 850-851 (2017) ...............................................................................13

*Saliter v. Pierce Bros. Mortuaries*
    81 Cal.App.3d 292, 296 (1978) ..........................................................................................11

*Skinner v. Railway Labor Executives' Ass'n*
    489 U.S. 602, 613–14 (U.S. 1989) .....................................................................................10

*Swartz v. KPMG LLP*
    476 F.3d 756, 764-65 (9th Cir. 2007) ..................................................................................6

*William L. Lyon & Associates, Inc. v. Superior Court*
    204 Cal. App. 4th 1294, 1312 (2012) .................................................................................11

*Yamauchi v. Cotterman*
    84 F.Supp.3d 993, 1011 (N.D. Cal. 2015) .....................................................................8, 13

**Statutes**

33 U.S.C. § 931(a)(1) ...............................................................................................................4

33 U.S.C. § 931(a)(1)(ii) ..........................................................................................................4

Cal. Civ. Proc. Code § 338(d) .................................................................................................11

**Rules**

Federal Rule of Civil Procedure 9(b) ............................................................................4, 5, 6, 8

Fed. R. Civ. P. 12(b)(6) ...........................................................................1, 4, 8, 10, 11, 14

**OTHER AUTHORITIES**

*Darringer v. Intuitive Surgical, Inc.*
    2015 WL 4623935, at *3 (N.D. Cal. 2015) ............................................................... 11, 13

*Marroquin v. Pfizer, Inc.*
2019 WL 636845, *8 (E.D. Cal. Feb. 14, 2019) ................................................................ 5

MAYNARD COOPER & GALE LLP
1901 AVENUE OF THE STARS, SUITE 1900
LOS ANGELES, CA 90067
310-596-4500

TABLE OF AUTHORITIES

MAYNARD COOPER & GALE LLP
1901 AVENUE OF THE STARS, SUITE 1900
LOS ANGELES, CA 90067
310-596-4500

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Marie Arnold ("Plaintiff") is attempting to drag defendant MetLife Group, Inc. into a dispute in which it does not belong. MetLife Group, Inc. ("MLG") did not issue the insurance policies upon which Plaintiff's purported claims are based, and has no other contract or relationship with Plaintiff. Indeed, it appears Plaintiff named MLG as a defendant in this lawsuit based on solely on her mistaken assumption that "MetLife *Group*, Inc." issued a "group" life insurance policy to Plaintiff's previous employer, Kaiser Permanente. Not surprisingly, Plaintiff's Amended Complaint alleges no facts demonstrating the existence of any relationship or contacts between Plaintiff and MLG. As a result, Plaintiff fails to state a claim against MLG upon which relief may be granted.

Moreover, the face of the Amended Complaint demonstrates Plaintiff's purported claims are untimely, and Plaintiff fails to allege sufficient facts to invoke the discovery rule. Thus, even if the Court were to determine Plaintiff alleges a viable cause of action against MLG (she has not), her claims should be dismissed as time-barred.

For these reasons and the reasons set forth below, MLG respectfully requests that the Court dismiss Plaintiff's Amended Complaint and all claims asserted against MLG with prejudice.

## II. LEGAL STANDARD OF REVIEW

### A. Fed. R. Civ. P. 12(b)(6).

Rule 12(b)(6) allows a defendant to move to dismiss a complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). "Dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 981 (N.D. Cal. 2016) (quoting *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011)). "The complaint must plead 'enough facts to state a claim [for] relief that is plausible on its face.'" *Id.* quoting (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

1

alleged.'" Id. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). If the "facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed." *Id.* at 678-79. *See also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

Thus, in determining the adequacy of allegations in a complaint, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or a "naked assertion" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57; *see also Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 653 (9th Cir. 2019) ("although 'we accept as true all factual allegations,' we do not 'accept as true allegations that are conclusory'") (quoting *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014)). In fact, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. *See also Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citation omitted) ("Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss[.]") In other words, "only a complaint that states a plausible claim for relief survives a motion to dismiss" and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III. LEGAL ARGUMENT

#### A. All Claims Against MLG Should be Dismissed Because the Amended Complaint Asserts No Facts About MLG

MLG is not identified by name in the Amended Complaint or either of the Exhibits attached thereto. To be sure, Plaintiff alleges "**Metlife Group** life insurance is Plaintiff's employer's basic term life with is provided to you in case of serious event injury. (**EXHIBIT A**)." Amended Complaint at p. 3 (first emphasis added). But Exhibit A of the Amended Complaint is a letter to Marie A. Dantes from an entity other than MLG regarding an insurance policy issued by another entity. *See id.* Ex. A. Plaintiff fails to allege any facts explaining how MLG is related to the life insurance policy identified in Exhibit A, or her claims in this case.

2

MEMORANDUM OF POINTS AND AUTHORITIES-5:19-cv-03920-VKD

Plaintiff also alleges "Plaintiff Marie Arnold and Defendant has proof of existence contract 'Promise Whole Life' **(EXHIBIT B)** Plaintiff's Policy Metlife Life Insurance." Amended Complaint at p. 4 (emphasis in original). But MLG is not identified in any of the documents collectively attached as Exhibit B, and Plaintiff fails to allege any facts demonstrating MLG's alleged relationship to these documents.[1] Rather, it appears Plaintiff is trying to make allegations regarding a group insurance policy issued by Metropolitan Life Insurance Company—not MLG, which does not even issue insurance—that was available to Plaintiff during her previous employment with Kaiser Permanente.[2]

In short, Plaintiff fails to allege facts demonstrating the existence of any legal duty or relationship between Plaintiff and MLG, and fails to allege MLG engaged in any conduct (or misconduct) whatsoever—much less conduct which amounts to a breach of a duty owed to Plaintiff. Thus, even if the Court were to accept all of the allegations in the Amended Complaint as true, these allegations fail to articulate a plausible claim for relief against MLG. Accordingly, each of Plaintiff's purported causes of action against MLG should be dismissed under Rule 12(b)(6).

### B. Plaintiff's Purported Concealment and Misrepresentation Claims (Counts I and II) Fail to Satisfy Rule 9(b).

Count I of the Amended Complaint purports to assert a cause of action for concealment, while Count II purports to assert a cause of action for negligent misrepresentation under 33 U.S.C.

---

[1] The first page of Exhibit B is 1 of 6 pages purportedly printed from the following internet website on May 23, 2019: https://www.metlife.com/business-and-brokers/employee-benefits/life-insurance/. *See* FAC, Ex. B, page 1. However, a cursory review of the first page of Exhibit B shows this is not an accurate or complete representation of the website it purports to represent.

[2] MLG is a New York corporation and is not subject to general or specific personal jurisdiction in this matter. MLG expressly reserves, and does not waive, the right to seek dismissal for lack of personal jurisdiction if the Amended Complaint is not dismissed in its entirety, MLG is not dismissed, or MLG is not otherwise substituted for the proper party via an amendment to Plaintiff's pleadings. Even if Plaintiff had named Metropolitan Life Insurance Company ("MLIC") as a defendant, the arguments set forth in Section III (B)-(F) of this Motion apply equally to MLIC as to any claims relating to Plaintiff's purported group benefits through Kaiser Permanente.

§ 931(a)(1)(ii). *See* Amended Complaint at pp. 3-5.[3] "To state a claim for fraudulent concealment under California law, a plaintiff must allege: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud i.e. to induce reliance; (4) justifiable reliance; and (5) resulting damage." *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, 754 F.Supp.2d 1145, 1189 (C.D. Cal. 2010) (citations and internal quotations omitted). Similarly, the elements of a claim for negligent misrepresentation are: "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." *Fox v. Pollack*, 226 Cal. Rptr. 532 (Cal. Ct. App. 1986).

Fraud claims (including fraudulent concealment) must satisfy the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *Das v. WMC Mortg. Corp.*, 831 F.Supp. 2d 1147, 1166 (N.D. Cal. 2011). Because a cause of action for negligent misrepresentation sounds in fraud, it also "must meet the pleading requirements of Federal Rule of Civil Procedure 9(b)." *Marroquin v. Pfizer, Inc.*, 2019 WL 636845, *8 (E.D. Cal. Feb. 14, 2019)(citing cases).[4]

---

[3] Section § 931 is a subchapter of the Longshore and Harbor Workers' Compensation Act ("Longshore Act"), and Plaintiff fails to allege facts demonstrating how her purported claims (or the parties in this lawsuit) relate to the Longshore Act. Moreover, section 931(a)(1) of the Longshore Act sets forth the criminal penalties applicable to "[a]ny claimant or representative of a claimant" who knowingly and willfully makes a false representation "for the purpose of obtaining a benefit or payment under this chapter" (*i.e.* under the Longshore Act). 33 U.S.C. § 931(a)(1). The Amended Complaint fails to allege MLG is a "claimant or representative of claimant", or that MLG made any alleged misrepresentation—to anyone—"for the purpose of obtaining a benefit or payment" under the Longshore Act. *See* 33 U.S.C. § 931(a)(1). Accordingly, Count II of the Amended Complaint fails to state a claim or factual basis that creates a cognizable claim under the Longshore Act.

[4] In *Marroquin*, the district court noted that "some courts within the Ninth Circuit are not applying Rule 9(b) to negligent misrepresentation claims," but declined to follow those cases because "[t]he Ninth Circuit has held that all claims sounding in fraud or grounded in fraud must meet 9(b)'s heightened pleading requirement." *Marroquin*, 2019 WL 636845, *8, n. 8 (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)). *See id*. ("California courts have expressly held that '[c]auses of action for intentional and negligent misrepresentation sound in fraud . . . .'") (quoting *Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal.App.4th 1150, 1166 (2016)).

*See also Das v. WMC Mortg. Corp.*, 831 F.Supp.2d 1147, 1156 (N.D. Cal. 2011) (finding claim for negligent misrepresentation was subject to Rule 9(b)'s heightened pleading requirement and "must allege an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.").

Rule 9(b) of the Federal Rules of Civil Procedure requires that a plaintiff alleging fraud "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). To satisfy the "particularity" requirement Rule 9(b), a complaint "**must identify the who, what, when, where, and how** of the misconduct charged, as well as **what is false or misleading** about the purportedly fraudulent statement, and **why** it is false." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (emphasis added). *Accord Das v. WMC Mortg. Corp.*, 831 F.Supp. 2d 1147, 1166 (N.D. Cal. 2011) (holding Plaintiff's claim for fraudulent concealment was based on "vague and conclusory allegations . . . without any information as to 'the who, what, when, where, and how of the misconduct charged[,]" and thus failed to satisfy the heightened pleading requirements of Rule 9(b)."). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together[,] but [instead] requires plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (citations and internal quotations omitted).

Here, neither Count I nor Count II of the Amended Complaint satisfy Rule 9(b). Plaintiff asserts incomplete and nonsensical sentences throughout the Amended Complaint. She fails to allege with any particularity *what*, exactly, was misrepresented or concealed or *how* Plaintiff was harmed as a result of the alleged misrepresentation or concealment. For example, Plaintiff alleges:

- "Defendant Metlife and Brighthouse committed concealment and cover-up, falsifying to Plaintiff's entitlement to withdraw in her policy contract. Defendant employee was concealing information and materials facts. Defendant employee made false statement of deny regarding Plaintiff request for Claim." Amended Complaint at pp. 3-4.

- "Defendant breach and intent to conceal of material facts of the contract, up hold from Plaintiff's entitlement agreement of contract. Plaintiff in good faith called in Agent to informed about her status, unable to pay. Defendant concealing all alternative optional relating on contract." Amended Complaint p. 3.
- Defendant Agent negligent misrepresented failure to full disclosure leverage case value withdraws, take a loan against your policy or sell your policy. Relevant information based on eligible to qualify for 'whole life cash value cash out.'" Amended Complaint at p. 4.
- "Defendant Agent concealed facts about whole life Insurance protects employee in the events of early accident, chronic illness or disability and take loan before aged 65 and provide cash value with penalties surrender charges." Amended Complaint at p. 5
- Defendant and Brighthouse fialed [sic] to pay pension benefits to tens of thousands of employee covered by its group annuitty [sic] contracts. 'Betrayed thousands of annultants [sic].' Misleading representation. Plaintiff was one of thousands annultants [sic] Defendant graceful defraud and spoof with deception. Defendant use brainwashing and mind control because Plaintiff lack knowledge insurance contract withdraws." Amended Complaint at p. 5.

In addition to failing to describe the substance of any alleged representation to Plaintiff or how Plaintiff was harmed as a result, Plaintiff does not identify (i) what was false or misleading about the alleged representation or concealment; (ii) why it was false or misleading; (iii) who allegedly made the misrepresentation or concealed information from Plaintiff; (iv) when the alleged misrepresentation and/or concealment occurred; (v) where the alleged misrepresentation and/or concealment occurred; or (vi) how the information was conveyed to Plaintiff (*e.g.* orally, in writing, through another person, etc.). *See Davidson*, 889 F.3d at 964; *Das*, 831 F.Supp.2d at

MEMORANDUM OF POINTS AND AUTHORITIES-5:19-cv-03920-VKD

1156.[5] And although Plaintiff has sued three different defendants in this matter, her misrepresentation-based claims fail to differentiate between these defendants. Instead, Plaintiff improperly lumps all defendants together with allegations such as "Defendant" or "Defendant Agent". *See* Amended Complaint at pp. 4-5. *See Yamauchi v. Cotterman*, 84 F.Supp.3d 993, 1019 (N.D. Cal. 2015)( amended complaint failed to comply with Rule 9(b) because plaintiff made no specific allegations against each defendant-bank, and instead lumped the defendants together with each allegation averred to "The Banks").

Plaintiff's purported concealment and negligent misrepresentation claims fall short of the particularity requirement of Rule 9(b). The vague, incomplete and conclusory allegations in the Amended Complaint simply are not specific enough to provide MLG with adequate notice of the particular misconduct forming the basis of Plaintiff's concealment and/or negligent misrepresentation claims. Accordingly, Plaintiff's purported fraud-based claims in Counts I and II of the Amended Complaint should be dismissed under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

### C. Plaintiff' Breach of Fiduciary Duty Claim Fails as a Matter of Law Because Plaintiff Does Not (and Cannot) Allege Facts Demonstrating the Existence of a Fiduciary Relationship Between Plaintiff and MLG.

Count III of the Amended Complaint purports to assert a claim for breach of fiduciary duty. *See* Amended Complaint at p. 6. A claim for breach of fiduciary duty requires the plaintiff to allege (and prove) the existence of a fiduciary relationship with the defendant. *Abbit v. ING USA Annuity and Life Insurance Company*, 252 F.Supp.3d 999, 1019–20 (S.D. Cal. 2017) ("A breach of fiduciary duty claim under California law requires 'the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach.')(citations omitted). California law requires that "[b]efore a person can be charged with a fiduciary obligation, he must either

---

[5] The Amended Complaint also fails to allege facts which, if accepted as true, would support a finding that any employer-employee or principal-agent relationship existed between MLG and the unidentified "Defendant Agent" and "Defendant employee" at the time of the alleged misrepresentation or concealment.

knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *Id*. at 1022.

Here, in Count III Plaintiff does not allege MLG knowingly undertook any action to act on behalf and for the benefit of Plaintiff. *See id*. Indeed, as set forth above, Plaintiff fails to allege the existence of any relationship between Plaintiff and MLG—much less facts demonstrating the existence of a fiduciary relationship between Plaintiff and MLG. Moreover, even if Plaintiff had alleged the existence of an insurer-insured relationship with MLG—something Plaintiff has not, and cannot do because MLG does not issue insurance policies—the mere existence of an insurer-insured relationship is insufficient to establish a fiduciary relationship under California law. *See Abbit*, 252 F.Supp.3d at 1022 (noting that "[a]s a matter of California law, no true fiduciary duty arises from the insurer-insured relationship and an insured therefore cannot maintain a claim for breach of fiduciary duty based solely on the insurer-insured relationship."). Because Plaintiff fails to allege facts demonstrating the existence of a fiduciary relationship between Plaintiff and MLG, Count III should be dismissed under Rule 12(b)(6).

### D. **Plaintiff's Invasion of Privacy Claim Under the Fourth Amendment Fails as a Matter of Law Because MLG Is Not a Government Entity or Agent.**

Count IIII [sic] of the Amended Complaint alleges "Defendants Officers" violated Plaintiff's privacy rights guaranteed by the Fourth Amendment to the United States Constitution. Amended Complaint at p. 7.[6] However, the Fourth Amendment protects against unreasonable searches and seizures conducted "*by officers of the Government or those acting at their direction.*" *Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 613–14 (U.S. 1989). The Supreme Court has determined the Fourth Amendment simply "does not apply to any search or seizure effected by a private party on his own initiative", unless the private party was "acting as an instrument or agent of the Government." *Id. See also Burdeau v. McDowell*, 256 U.S. 465, 475 (1921) (finding the Fourth Amendment's "origin and history clearly show that it was intended as

---

[6] Plaintiff does not identify the purported "Defendants Officers." *See id*.

a restraint upon the activities of sovereign authority, and was not intended to be a limitation upon other than governmental agencies.").

Here, Plaintiff does not allege that MLG is a governmental entity or agency. *See* Amended Complaint at p. 7. Nor does she allege MLG was "acting as an instrument or agent of the government" in connection with the alleged surveillance giving rise to Plaintiff's purported Fourth Amendment claim under the U.S. Constitution. *Skinner*, 489 U.S. at 613–14. Accordingly, Plaintiff has not, and cannot, state a cognizable Fourth Amendment claim against MLG and this claim should be dismissed with prejudice under Rule 12(b)(6).[7]

### E. All of Plaintiff's Purported Claims Are Time-Barred.

The face of the Amended Complaint demonstrates Plaintiff's purported claims are time-barred. And to the extent Plaintiff is attempting to rely on California's "discovery rule" to postpone the accrual of her claims, she fails to plead facts sufficient to invoke the discovery rule.

#### 1. The Face of the Amended Complaint Shows Plaintiff's Claims are Untimely.

California law applies a two-year statute of limitations to negligent misrepresentation claims. *Hydro-Mill Co. v. Hayward, Tilton & Rolapp Ins. Assocs., Inc.*, 115 Cal. App. 4th 1145, 1155 (2004). The statute of limitations applicable to a fraud claim is three years. CAL. CIV. PROC. CODE § 338(d). The statute of limitations applicable to a breach of fiduciary duty claim is four years, although a three year limitations period applies where the "gravamen of the claim" is deceit, fraud, or constructive fraud. *See, e.g.*, *Fuller v. First Franklin Financial Corp.*, 216 Cal. App. 4th 955, 963 (2013) ("limitations period is three years . . . for a cause of action for breach of fiduciary duty where the gravamen of the claim is deceit, rather than the catchall four-year limitations period that would otherwise apply"); *William L. Lyon & Associates, Inc. v. Superior Court*, 204 Cal. App. 4th 1294, 1312 (2012) (an alleged "[b]reach of fiduciary duty not amounting to fraud or constructive fraud is subject to the four-year 'catch-all statute' of Code of Civil Procedure section

---

[7] Furthermore, because Plaintiff has failed to allege any federal question or basis for diversity jurisdiction, and these issues may not be curable by an amendment, this case is not appropriate for federal court.

343"); *City of Vista v. Robert Thomas Securities, Inc.*, 84 Cal. App. 4th 882, 889 (2000) (four-year statute of limitations applies to breach of fiduciary duty, unless the gravamen of the claim is actual or constructive fraud, in which case the statute of limitations is three years).

The limitations period begins to run "from the moment a claim accrues." *Darringer v. Intuitive Surgical, Inc.*, 2015 WL 4623935, at *3 (N.D. Cal. 2015) (citing *Aryeh v. Canon Bus. Solutions, Inc.* 55 Cal.4th 1185, 1191 (2013)). Unless an equitable exception applies, a claim accrues "upon the occurrence of the last element essential to the cause of action." *Id.* (quoting *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal.3d 176, 187 (1971)) (internal quotation marks omitted). The fact "[t]hat a plaintiff is unaware of the cause of action or the identity of the wrongdoer does not delay the running of the statute [of limitations]." *Id.* (quoting *Saliter v. Pierce Bros. Mortuaries*, 81 Cal.App.3d 292, 296 (1978)).

While the Amended Complaint is far from a model of clarity, Plaintiff's purported claims appear to relate to (i) a group life insurance policy previously available to Plaintiff during her employment with Kaiser Permanente; and (ii) an individual life insurance policy issued to Plaintiff in June 2012 (*i.e.* after she voluntarily terminated her employment with Kaiser Permanente on May 13, 2012). *See* Amended Complaint at pp. 2-5 and Exs. A and B.[8] Thus, any actionable misrepresentations or omissions regarding the group life insurance policy available to Plaintiff through Kaiser Permanente necessarily occurred prior to May 13, 2012. Similarly, any actionable misrepresentations or omission regarding the individual life insurance policy Plaintiff purchased shortly after terminating her employment with Kaiser Permanente necessarily occurred on or before the date the policy was issued (*i.e.* June 2012).[9] Plaintiff, however, did not file this lawsuit until July 8, 2019—more than five years after the transactions and alleged

---

[8] Plaintiff alleges she voluntarily terminated her employment with Kaiser Permanente on May 13, 2012. Amended Complaint at p. 2.

[9] Although the Amended Complaint alleges "Plaintiff request in cash value withdraw in writing mental disability" and "Defendant deny cash value withdraw full policy", Plaintiff fails to identify the date of this request, the date of "Defendant's" alleged denial, or explain why she is on notice of her claims today, but was not on notice of her claims at the time of the alleged denial. Amended Complaint at p. 4.

misrepresentation/omissions at issue. Thus, the face of the Amended Complaint demonstrates Plaintiff's claims for negligent misrepresentation (two-year statute of limitations); fraudulent concealment (three-year statute of limitations); and breach of fiduciary duty (three or four-year statute of limitations) are all time barred.

### 2. The "Discovery Rule" Does Not Save Plaintiff's Untimely Claims.

Under California law, the "discovery rule" is an exception to the general rule that a claim accrues upon the occurrence of the last essential element to a cause of action. The discovery rule postpones accrual of certain causes of action "until the plaintiff discovers, or has reason to discover, the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005. ). *See Otay Land Co., LLC v. U.E. Ltd., L.P.*, 15 Cal. App. 5th 806, 850-851 (2017). "A plaintiff relying on the discovery rule to show delayed accrual of a cause of action bears the burden of 'pleading and proving belated discovery.'" *Yamauchi v. Cotterman*, 84 F.Supp.3d 993, 1011 (N.D. Cal. 2015) (quoting *Czajkowski v. Haskell & White, LLP,* 208 Cal.App.4th 166 (2012)). Thus, in order to rely on the delayed discovery rule, "a plaintiff must specifically plead facts showing (2) the time and manner of discovery; *and* (2) the inability to have made earlier discovery despite reasonable diligence." *Darringer v. Intuitive Surgical, Inc.*, 2015 WL 4623935, at *3 (N.D. Cal. 2015) (citing *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.4th 797, 808 (2005)) (emphasis in original). Conclusory allegations of diligence are insufficient. *See Yamauchi v. Cotterman*, 84 F.Supp.3d 993, 1011 (N.D. Cal. 2015) ("An adequate pleading of delayed discovery requires more than a mere conclusory allegation of diligence; it should set forth pleaded facts that show (1) the time and manner of discovery; and (2) the inability to have made earlier discovery despite reasonable diligence.") (citations and internal quotations omitted).

Plaintiff's Amended Complaint fails to plead any facts that show (1) when she discovered her claims; or (2) how she discovered her claims. The Amended Complaint also does not adequately allege facts describing why Plaintiff, despite reasonable diligence, was unable to discover her claims earlier. Although Plaintiff claims she suffers from a "mental disability" and "was unaware of the falsity of the representation", she fails to identify the alleged mental disability or explain why this prevented her from discovering her purported claims earlier. Amended

1 Complaint at pp. 2-3. Thus, because Plaintiff has not plead facts sufficient to invoke the discovery rule, she cannot rely on the discovery rule as a basis to save her untimely claims.

## IV. <u>CONCLUSION</u>

For the reasons stated above, MLG respectfully requests that the Court grant MLG's Motion and Dismiss Plaintiff's Amended Complaint and all causes of action with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

DATED: October 4, 2019                MAYNARD COOPER & GALE LLP

By: */s/ Judy M. Lam*
    Judy M. Lam
Attorneys for Defendant
MetLife Auto & Home Insurance Agency, Inc.;
MetLife Group, Inc.; and Brighthouse Life
Insurance Company

# CERTIFICATE OF SERVICE

I declare that I am employed in the County of Los Angeles, State of California in the office of a member who has been admitted to the bar of this Court at whose direction the service was made. I am over the age of 18 and not a party to the within action. My business address is Maynard, Cooper & Gale, LLP, 1901 Avenue of the Stars, Suite 1900, Los Angeles, CA 90067. On the date indicated below, I served the foregoing document described as:

**NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANT METLIFE GROUP, INC.; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

☒ **BY CM/ECF ELECTRONIC SERVICE**: The interested party(ies) listed below are registered CM/ECF users with the Court, and have consented to service through the Court's automatic transmission of a notice of filing.

I declare under penalty of perjury under the laws of the United States of American and State of California that the above is true and correct.

Executed on **October 4, 2019**, at Los Angeles, California.

_____
Melody Shabpareh