UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIE A ARNOLD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>METLIFE AUTO & HOME INSURANCE AGENCY, INC, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-03920-VKD<br><br>**ORDER GRANTING BRIGHTHOUSE LIFE INSURANCE COMPANY'S MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Re: Dkt. No. 33 |

Defendant Brighthouse Life Insurance Company ("Brighthouse") moves to dismiss all claims asserted against it by plaintiff Marie A. Arnold. Dkt. No. 24. The Court held a hearing on the motion on November 12, 2019. Upon consideration of the moving and responding papers, as well as the oral arguments presented, the Court grants the motion to dismiss, and gives Ms. Arnold leave to file a second amended complaint.

**I.　BACKGROUND**

Ms. Arnold, proceeding *pro se*, originally filed this action against defendants MetLife Auto & Home Insurance Agency, Inc. and MetLife Group, Inc., asserting claims for negligence and negligent misrepresentation, as well as a claim under the Fourth Amendment of the U.S. Constitution for alleged invasion of privacy. Ms. Arnold says that, at defendants' suggestion and with their agreement, she subsequently amended her complaint to include an additional defendant, Brighthouse.[1] Dkt. No. 13.

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Ms. Arnold's operative amended complaint (Dkt. No. 19) asserts claims for fraudulent concealment, misrepresentation, breach of fiduciary duty, and violation of the Fourth Amendment (invasion of privacy). Although the allegations of the amended complaint are not stated clearly, Ms. Arnold seems to allege that she obtained some sort of insurance coverage through her prior employment with Kaiser Permanente ("Kaiser"). Dkt. No. 19 at ECF 2. Ms. Arnold says that she voluntarily terminated her employment with Kaiser on May 13, 2012, and was experiencing emotional distress and financial hardship. *Id*. She further alleges that she was given "an option[] to continue Metlife life [i]nsurance" through an "arrangement with [an] Insurance Agent," and either Ms. Arnold or the insurance agent "insisted [o]n [a] 'Promise Whole Life' Plan." *Id*. Appended as Exhibit A to the amended complaint is a letter that appears to summarize a "Promise Whole Life" plan Policy Number 21216479 UT, issued by Metropolitan Life Insurance Company. Dkt. No. 19 at ECF 11. The identified insured is "Marie A. Dantes," which Ms. Arnold represents was her (former) married name. *Id*.; Dkt. No. 27-1 ¶ 3. That letter identifies a June 14, 2012 "Policy Issue Date of Original Policy" and a "Face Amount of Insurance" of $50,000. *Id*. The letter also states that "[f]urther details about the policy and benefits will be furnished upon request."[2] *Id*. Elsewhere in the amended complaint, Ms. Arnold alleges that "Brighthouse and Metlife are stated to be Plaintiff's individual plan with same policy number." Dkt. No. 19 at ECF 3. Appended to the amended complaint as Exhibit B is what appears to be a brochure providing an overview of a Kaiser benefits package. *Id*. at ECF 13-20.

Ms. Arnold says she "informed Metlife about her hardship," and seems to claim that, due to a chronic illness or disability, she was entitled to "withdraw" money under her policy. *Id*. at ECF 4, 5. According to the amended complaint, defendants failed to disclose, and made false representations about, Ms. Arnold's alleged entitlement to payment of a "whole life policy amount." *Id*. As a result, Ms. Arnold says that she suffered humiliation and mental anguish, and became homeless. *Id*. at ECF 3. She seeks $500,000 in compensatory damages, plus $1,000,000 in punitive damages. *Id*. at ECF 9.

---

[2] It is unclear whether Ms. Arnold made any subsequent requests to obtain a copy of the subject Promise Whole Life policy.

2

1  The amended complaint seems to acknowledge that Ms. Arnold's claims may be time-barred. Nonetheless, Ms. Arnold alleges that she is entitled to tolling, noting that "[t]he general rule [that] the statu[t]es of limitation begins to run when Plaintiff discovers that a fraud occurred or exercise of reasonable diligence." *Id.* at 3.

Defendant Brighthouse moves to dismiss the amended complaint for failure to state a claim for relief, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Brighthouse acknowledges that some of Ms. Arnold's claims appear to relate to an individual whole life insurance policy (Policy No. 21216479UT) under which Ms. Arnold was the named insured, and which was issued by MetLife Investors Insurance Company, now known as Brighthouse. Dkt. No. 33 at ECF 7 n.1. Nevertheless, Brighthouse argues that Ms. Arnold's amended complaint fails to allege sufficient facts demonstrating that there is a viable basis for any claim against Brighthouse. Additionally, Brighthouse contends that all of Ms. Arnold's claims are time-barred and that the amended complaint does not allege sufficient facts to invoke tolling under the discovery rule. Ms. Arnold opposes the motion.[3]

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.*

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness*

---

[3] Brighthouse correctly notes that exhibits and a declaration submitted by Ms. Arnold with her opposition papers cannot properly be considered on the present motion. Nevertheless, Brighthouse argues that even if those exhibits and Ms. Arnold's declaration were considered, they do not save Ms. Arnold's claims from dismissal. The Court agrees.

3

*Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, only plausible claims for relief will survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678.

Documents appended to or incorporated into the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Rule 12(b)(6) motion. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

## III. DISCUSSION

### A. Fraudulent Concealment and Misrepresentation

Ms. Arnold's first two claims for relief are both based on fraud.[4] To state a claim for fraud under California law, a plaintiff must allege: (1) a misrepresentation (false representation, concealment, or non-disclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage. *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996). Additionally, a claim for fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id*. "A pleading is sufficient under [R]ule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are

---

[4] The amended complaint indicates that Ms. Arnold's misrepresentation claim is based on 33 U.S.C. § 931, which concerns penalties for "knowing[] and willful[]" misrepresentation under the Longshore and Harbor Workers' Compensation Act. That statute has no apparent bearing on the present action. Accordingly, the Court construes Ms. Arnold's misrepresentation claim as one based on common law fraud.

4

insufficient." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotations and citation omitted).

With respect to Ms. Arnold's concealment claim, the amended complaint alleges that "Metlife and Brighthouse committed concealment and cover-up, falsifying to [sic] Plaintiff's entitlement to withdraw in her policy," and that a "[d]efendant employee was concealing information and material[] facts" and "made false statement of deny" regarding Ms. Arnold's insurance claim. Dkt. No. 19 at ECF 3-4. As for the misrepresentation claim, the amended complaint alleges that a "Defendant Agent" made misrepresentations and "concealed facts about whole life [i]nsurance protects employee in the events of early accident, chronic illness or disability and take loan before age[] 65 and provide cash value with penalties surrender charges." *Id*. at 5. Ms. Arnold further alleges that "Defendant and Brighthouse failed to pay pension benefits to tens of thousand[s] of employee[s] covered by its group annuit[y] contracts." *Id*.

Broadly construing the allegations of Ms. Arnold's amended complaint, and viewing those allegations in a light most favorable to Ms. Arnold, she seems to claim that she was wrongfully denied payment under a whole life insurance policy. Nevertheless, Ms. Arnold's allegations are vague and conclusory as to "the who, what, when, where, and how of the misconduct charged" required for fraud claims. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations and citation omitted). Indeed, the amended complaint groups all defendants together, and it is unclear what involvement, if any, Brighthouse had in the events underlying Ms. Arnold's claims. Accordingly, Brighthouse's motion to dismiss this claim is granted.

The Court will give Ms. Arnold leave to file a second amended complaint. In addition to the venue and intra-district assignment allegations she wishes to assert, Ms. Arnold should include allegations clearly stating what insurance policy is at issue. If it is the "Promise Whole Life" plan, Policy Number 21216479 UT, referenced in Exhibit A to her complaint (Dkt. No. 19 at ECF 11), Ms. Arnold should clearly say so. To the extent she has a copy of that policy, Ms. Arnold may

5

wish to append a copy of that policy to her second amended complaint. If there is a different or additional policy at issue, then Ms. Arnold should clearly say so in her second amended complaint and append a copy of the policy (if she has one) and provide the information she has about that policy, including the policy number, name of the insured, and date the policy was issued. As for the alleged fraud, to the extent she can truthfully do so, Ms. Arnold must also state, in as much detail as possible: (1) which defendant(s) concealed information or made false or misleading statements, (2) what specific information was concealed, (3) what specific statements were made, (4) why those statements were false or misleading, and (5) how she has been harmed by the false or misleading statements or by the concealment of information.

### B. Breach of Fiduciary Duty

To state a claim for breach of fiduciary duty under California law, a plaintiff must plead facts establishing "'the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach.'" *Abbit v. ING USA Annuity & Life Ins. Co.*, 252 F. Supp. 3d 999, 1019 (S.D. Cal. 2017) (quoting *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991). "'[B]efore a person can be charged with a fiduciary obligation, he must either knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law.'" *Id*. at 1022 (quoting *City of Hope Nat. Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 386 (2008)).

Here, Ms. Arnold alleges that a fiduciary relationship exists based on an insurer-insured relationship with defendants. Dkt. No. 19 at ECF 6. However, courts have held that, "as a matter of California law, no true fiduciary duty arises from the insurer-insured relationship and an insured therefore cannot maintain a claim for breach of fiduciary duty based solely on the insurer-insured relationship." *In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig.*, No. C-05-04726 RMW, 2007 WL 486367, at *7 (N.D. Cal. Feb. 12, 2007); *see also Abbitt*, 252 F. Supp. 3d at 1020-21 (same) (citing *Vu v. Prudential Prop. & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150-51 (2001)). As discussed above, it is unclear what insurance policy or policies are at issue, or what conduct, if any, by Brighthouse gives rise to Ms. Arnold's claims. Accordingly, Ms. Arnold's claim for breach of fiduciary duty is dismissed as to defendant Brighthouse. Ms. Arnold is given leave to

6

amend to the extent she can truthfully allege facts, beyond the mere existence of an insurer-insured relationship, establishing that Brighthouse knowingly undertook to act on her behalf and for her benefit, and then breached that obligation. *Abbitt*, 252 F. Supp. 3d at 1022.

### C. Fourth Amendment Claim for Invasion of Privacy

Ms. Arnold alleges that defendants violated her constitutional right to privacy by "us[ing] video surveillance to watch insured for investigations and employments" and "intercepti[ng] radio frequency" to eavesdrop on her private affairs. Dkt. No. 19 at ECF 7. "The Fourth Amendment limits searches conducted by the government, not by a private party, unless the private party acts as an instrument or agent of the government." *United States v. Young*, 153 F.3d 1079, 1080 (9th Cir. 1998) (internal quotations and citation omitted). "Whether a search is governmental or private depends on: (1) whether the government knew of and acquiesced in the intrusive conduct; and (2) whether the party performing the search intended to assist law enforcement efforts or further the party's own ends." *Id*.

Ms. Arnold's amended complaint alleges no facts establishing that any of the defendants, all of whom are private entities, acted as an instrument or agent of the government. At the hearing, the Court inquired whether Ms. Arnold could allege facts supporting her assertion that Brighthouse conducted a search or surveillance of her in conjunction with or at the direction of any government agency. In response, she posited that insurance companies work with law enforcement for surveillance purposes, but offered nothing more than speculative assertions that anything of that nature occurred in this case. As it appears that Ms. Arnold cannot plausibly allege facts to support a violation of the Fourth Amendment, the Court dismisses Ms. Arnold's claim for invasion of privacy under the Fourth Amendment without leave to amend.

Ms. Arnold's Fourth Amendment claim was the sole basis for federal jurisdiction under 28 U.S.C. § 1331. Accordingly, to the extent Ms. Arnold contends that there is another basis for this Court's jurisdiction over this matter, she must clearly allege facts establishing such jurisdiction in her second amended complaint. For example, federal courts also have original jurisdiction over civil actions between citizens of different States and where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

7

### D. Untimely Claims and the Discovery Rule

As noted above, Ms. Arnold seems to acknowledge that all of her claims are time-barred, and she does not dispute the applicable limitations periods asserted by Brighthouse, all of which require such claims to be brought within a period of two to four years after the alleged misconduct occurred.[5] Although Ms. Arnold's amended complaint is vague as to when the alleged events underlying her claims took place, the allegations suggest that those events occurred around the time she voluntarily terminated her employment with Kaiser Permanente in May 2012. And, in her opposition papers, Ms. Arnold now states that the alleged breach of fiduciary duty took place in 2012. Dkt. No. 38 at ECF 3. Ms. Arnold did not file the present action until July 8, 2019, well over four years later.[6]

Nevertheless, the amended complaint asserts that Ms. Arnold's claims are saved by equitable tolling under the discovery rule. The discovery rule is an exception to the general rule of accrual of a claim for relief and "assumes that all conditions of accrual of the action—including harm—exist, but nevertheless postpones commencement of the limitation period until the plaintiff discovers or should have discovered all facts essential to his cause of action." *Camsi IV v. Hunter Tech. Corp.*, 230 Cal.App.3d 1525, 1536 (1991) (quotations and citations omitted). That is, the applicable limitations period does not begin to run until "plaintiff either (1) actually discovered [her] injury and its negligent cause or (2) could have discovered injury and cause through the exercise of reasonable diligence." *Id.* "The rule is based on the notion that statutes of limitations

---

[5] Under California law, fraud claims are subject to a three-year limitations period. Cal. Code Civ. Proc. § 338(d). "The statute of limitations for breach of fiduciary duty is three years or four years, depending on whether the breach is fraudulent or nonfraudulent." *Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1479 (2014). Although Brighthouse does not offer any argument as to the applicable statute of limitations for Ms. Arnold's Fourth Amendment claim, assuming that claim were to be construed as one under 42 U.S.C. § 1983, the applicable statute of limitations is the two-year period for personal injury actions under California Code of Civil Procedure section 335.1 *Malik v. City & Cty. of San Francisco*, No. 17-cv-06954-DMR, 2018 WL 4385654, at *3 (N.D. Cal. Sept. 14, 2018).

[6] Among the documents Ms. Arnold submitted with her opposition papers is a letter from Brighthouse, dated March 31, 2017, in which Brighthouse denies Ms. Arnold's request to reinstate Policy No. 21216479UT on the grounds that the policy lapsed in June 2013, and the policy provided for reinstatement within three years of lapse. Dkt. No. 38 at ECF 12. The amended complaint contains no allegations about this letter, and it is unclear what relevance, if any, this letter has with respect to Ms. Arnold's asserted claims for relief.

8

are intended to run against those who fail to exercise reasonable care in the protection and enforcement of their rights." *Id*. (quotations and citations omitted). "[T]herefore, those statutes should not be interpreted so as to bar a victim of wrongful conduct from asserting a cause of action before [s]he could reasonably be expected to discover its existence." *Id*. To invoke the discovery rule, a plaintiff must establish facts showing (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence. *Id*.

In the amended complaint, Ms. Arnold notes that she has a "mental disability," and otherwise asserts that a "breach of fiduciary duty is inherently undiscoverable as a matter of law." Dkt. No. 19 at ECF 3. Ms. Arnold has not alleged sufficient facts establishing when or how she discovered her claims, or explaining why, despite reasonable diligence, she was unable to discover her claims earlier. While Ms. Arnold now suggests in her opposition papers that she did not learn about defendants' alleged misrepresentations "till now," (Dkt. No. 38 at ECF 2), she must have had some basis to believe that she had claims for relief when she filed the present action four months ago. Accordingly, in order to invoke the discovery rule, on amendment Ms. Arnold must allege facts showing (1) the time and manner of her discovery of her claims and (2) her inability to have discovered her claims earlier, despite reasonable diligence.

## IV. CONCLUSION

Based on the foregoing, defendant Brighthouse's motion to dismiss is granted, with leave to amend as to her claims for concealment, misrepresentation, and breach of fiduciary duty. To the extent Ms. Arnold has a plausible basis to believe that an entity other than the named defendants is responsible for the conduct alleged, she may amend her complaint to name the responsible entity or entities. If Ms. Arnold chooses to amend, her amended pleading should be titled "Second Amended Complaint." The Second Amended Complaint must be filed no later than **November 29, 2019**.

Ms. Arnold is encouraged to contact the Federal Pro Se Program for assistance. The Pro Se Program is located on the Second Floor of the Federal Courthouse in San Jose. Help is provided by appointment and on a drop-in basis Monday to Thursday, 9:00 a.m. to 4:00 p.m. Appointments may be made by signing up in person at the Program's office (Room 2070) at the

9

San Jose Federal Courthouse, or by calling 408-297-1480.  Additionally, if she has not already done so, Ms. Arnold is encouraged to obtain a copy of the Court's Handbook for Pro Se Litigants, available on the Court's website (https://www.cand.uscourts.gov/prosehandbook) or from the Clerk's Office.

**IT IS SO ORDERED.**

Dated:  November 12, 2019

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge